UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOVAN HARTLEY                                                                                      PLAINTIFF

v.                                         No. 5:20-CV-05001

CONAGRA BRANDS, INC.                                                                        DEFENDANT

## OPINION AND ORDER

Before the Court are Plaintiff Jovan Hartley's motion (Doc. 36) to reopen the case and motion (Doc. 37) for extension of time to file notice of appeal. No response has been filed, but none is necessary. Plaintiff's motion to extend time to file a notice of appeal will be granted.

On January 3, 2020, Plaintiff, through her attorney Josie Graves, filed a complaint against Defendant. Defendant filed a motion for summary judgment on January 14, 2021. Ms. Graves did not file a response. On February 11, 2021, the Court granted summary judgment in favor of Defendant and dismissed Plaintiff's federal civil rights claims with prejudice and dismissed her state law claims without prejudice. The Court's opinion and order noted Ms. Graves allowed the deadline to file pretrial disclosure sheets to pass without filing anything.

After the Court dismissed her case, Plaintiff filed a pro se motion to reopen her case. Plaintiff's motion states Ms. Graves worked on her case from November 2019 to December 2020, and despite Plaintiff's calls, emails, and text messages to Ms. Graves she did not have communication with Ms. Graves from December 1, 2020 to February 25, 2021. On February 25, 2021, Plaintiff and Ms. Graves had a telephone conversation and discussed setting up a meeting. Plaintiff then went to the courthouse and learned her case had been dismissed on February 11. On

March 10, 2021, Plaintiff was contacted by Mr. Reynolds[1] and informed that Plaintiff's personal belongings were available to be picked up from their office.  Plaintiff picked up her belongings on March 11, 2021, and was given a letter from Ms. Graves which stated Plaintiff had until March 15, 2021, to file a notice of appeal.  Plaintiff, appearing pro se, now asks this Court to reopen her case and extend the time to file a notice of appeal.

Federal Rule of Appellate Procedure 4(a)(1) requires a notice of appeal to be filed with the district clerk within 30 days after entry of the judgment or order.  Rule 4(a)(5) allows the district court to extend the time to file a notice of appeal if

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

"With regard to determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that 'the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (citing *Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993)).  The factors the court considers are "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.* (internal alterations and quotations omitted).  The factors do not carry equal weight, and the "excuse given for the late filing must have the greatest import."  *Id.*

---

[1] Although it is unclear from Plaintiff's motion, the Court believes Mr. Reynolds is an attorney at Ms. Graves's law firm of record, Cadell Reynolds, PA.

Plaintiff's request to extend the time to file a notice of appeal was timely pursuant to Rule 4(a)(5)(i).  Plaintiff's excuse for delay is that her attorney stopped communicating with her and she did not learn until March 11 that the case was dismissed or that she had to file a notice of appeal by March 15.  Plaintiff's motions demonstrate a breakdown in communication between Plaintiff and Ms. Graves, and taking her statements as true, the Court finds Plaintiff's need for an extension was not within her control.  Plaintiff also acted in good faith by filing her motions shortly after learning her case was dismissed and within the timeframe for filing a notice of appeal.  Further, this is not a situation where a plaintiff is unsatisfied with the outcome of her case following zealous representation by counsel.  Instead, as the docket reflects, Ms. Graves failed to respond to Defendant's motion for summary judgment and failed to file a pretrial disclosure sheet.  Plaintiff's reason for delay is one of the few instances where equity demands an extension.  The Court finds the remainder of the *Pioneer* factors also weigh in favor of allowing an extension.  Plaintiff's motion for extension of time to file a notice of appeal will be granted, and Plaintiff has 14 days from entry of this order to file a notice of appeal in this Court so that she may pursue her appeal in the Court of Appeals for the Eighth Circuit.

Plaintiff's motion to reopen the case will be construed as a relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).  Rule 60(b)(1) allows a district court to grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  "The term excusable neglect is generally understood to encompass situations in which the failure to comply with the filing deadline is attributable to negligence." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (internal citations and quotations omitted).  Excusable neglect must be "accompanied by a showing of good faith and some reasonable basis for not complying with the rules. . . . and [generally] does not include ignorance or carelessness on the part of an

3

attorney." *Id.* (citing *Hunt v. City of Minneapolis*, 203 F.3d 524, 528 n. 3 (8th Cir. 2000). Here, no reason has been given as to why Ms. Graves did not file a response to Defendant's motion for summary judgment, and Plaintiff has not demonstrated facts that would justify Rule 60(b) relief. Plaintiff's motion to reopen the case will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 37) for extension of time to file notice of appeal is GRANTED. Plaintiff has until **April 1, 2021** to file a notice of appeal.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 36) to reopen the case is DENIED.

IT IS SO ORDERED this 18th day of March, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE